# Workingmen's Building and Loan Association *versus* Coleman.

1. The application for the charter of a building association, and the action of the Court of Common Pleas in granting the same, were intended to be under the provisions of the " Building Association Act" of April 12th 1859. The leading features of the charter corresponded with the provisions of said act, and it apparently was organized thereunder, and conducted its business in accordance therewith. The act, however, provides that *ten* or more persons must make the application to the court for the charter, while this application was signed by nine only. *Held*, that while the application and proceedings thereunder were clearly defective, the defect was cured by the Act of May 11th 1874, which is declared to be applicable to such corporations as were actually operating under, and transacting business in pursuance and by virtue of charters defective in validity, and the association was entitled to exercise the rights and franchises conferred by the Act of 1859.

2. Rhoads *v.* Hoernerstown Building and Savings Association, 1 Norris 180, distinguished.

March 14th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Luzerne county :* Of January Term 1879, No. 198.

On February 23d 1872, the Workingmen's Building and Loan Association of Hyde Park, Pennsylvania, entered a judgment

[Workingmen's B. & L. Assoc. v. Coleman.]

against Owen Coleman, on a note given by him to said association. The note was for $1000, and contained a confession of judgment, and was given for a loan made to him by the association in accordance with its regulations.    On January 5th 1877, the defendant in the judgment obtained a rule to show cause why said judgment should not be opened, and defendant let into a defence, which rule was made absolute and an issue framed.    At the trial before Handley, J., the plaintiffs claimed that they were entitled to the special rights and privileges conferred by the Act of April 12th 1859, known as the " Building Association Act."    The defendant alleged that the charter of the association was defective, inasmuch as in the application made for said charter there was not the requisite number of signers, prescribed by said act, and it could not therefore claim its privileges, and contended for this reason, that defendant could only be compelled to pay plaintiff the money actually loaned with interest.    It was agreed by the parties that if the plaintiffs were incorporated under the Act of 1859, and possessed the rights and franchises conferred by said act, the plaintiffs were entitled to recover $836 ; but if not, to recover only $207.19.

The plaintiffs submitted the following point, which the court, Handley, J., affirmed :

" That the validity of the charter of incorporation cannot be inquired into in this case ; cannot be assailed collaterally."

The defendant submitted the following point, to which is appended the answer of the court.

If the association was incorporated in 1869, by the Court of Common Pleas, upon a petition signed by a less number of persons than required by the Act of 1859, it is not entitled to recover of the defendant more that the sum actually loaned, with legal interest thereon.

Ans. " This point we affirm.    There is nothing in the charter of the plaintiffs to show that this association was incorporated under any act specially named.    No authority is given to the Court of Common Pleas to incorporate any number of persons less than ten for the purposes claimed by these plaintiffs.    Yet the plaintiffs contend that they were incorporated under the Act of 1859, and hence are entitled to all of its privileges and benefits.    But it was recently held by the Supreme Court of Pennsylvania, that unless the number of persons called for by the Act of 1859 shall have signed the petition, they are not incorporated as the law provides."

In the general charge the court, inter alia, said : " In this case, the number of persons who signed the petition, as we have said before to you, falls short just one, and that, in the eye of the law, is as fatal as if the charter was signed only by one, and fell short nine.    Whilst the plaintiffs may be a corporation de facto, yet they are not incorporated as the Act of 1859 provides.    We therefore instruct, under the evidence and the law, that your verdict will be in favor of the plaintiffs for the sum of $207.19."

[Workingmen's B. & L. Assoc. *v.* Coleman.]

The plaintiffs took this writ and alleged that the court erred in affirming the defendant's point, in the portion of the charge noted, and in the foregoing instruction.

*E. B. Sturges* and *R. W. Archbald*, for plaintiffs in error.— Rhoads *v.* Hoernerstown Building Association, 1 Norris 180, simply decided that the fact of there being a less number of signers to the petition for incorporation than ten, was *evidence* that they did not seek for a charter under the Act of 1859. There was also in the charter in that case various powers which were not conferred by the Act of 1859, which showed that it was not granted under that act.

In the plaintiff association, on the contrary, the various sections of the charter show the closest adherence to the Act of 1859, although there is no express reference to that act. Several sections quote its provisions word for word, and it is believed that there is not the slightest inconsistency in any of its provisions.

We contend, however, that all defects in the granting of the present charter were cured by the Act of 11th May 1874, Pamph. L. 133 ; Brightly Purd., p. 1851, pl. 60. That act was passed to cover " technical defects," whereby " innocent persons might be injured." It is certainly sufficient in itself to meet the case of a man who had accepted the charter as a contract, had drawn out money from the association, under its provisions, and had shared the advantages and benefits of its membership for years. Can he now come in and claim immunity under the proviso of the statute reserving any " previously acquired rights." We claim that the defendant in error has taken himself out from the benefit of this proviso.

*Lemuel Amerman*, for defendant in error.—That this association was not incorporated under the Act of 1859, is clearly shown by the decision in Rhoads *v.* Hoernerstown Building Association, *supra.*

The Act of 1874 is not appliable to the present case.

Mr. Justice STERRETT delivered the opinion of the court, March 24th 1879.

The corporate existence of the plaintiffs in error has not been called in question, nor indeed could it be in this collateral proceeding: Rhoads *v.* The Hoernerstown Building and Savings Association, 1 Norris 180 ; but, the defendant denies that the association was incorporated under the Act of April 12th 1859, and therefore not clothed with certain rights and franchises conferred by that act. It cannot be doubted that the application for the charter in question, and the action of the court in granting the same, were intended to be under that act. The leading features of the charter correspond with the provisions of the act ; and, so far as appears, the

association was organized and its business conducted in accordance therewith.　The act, however, provides that when *ten* or more persons may desire to form an association under its provisions, they shall make application to the Court of Common Pleas of the proper county, &c.　In this case the petition was signed by nine only, and there is nothing in the body of the charter, or in the record of the proceedings, to clearly show that others united in the application or were in fact associated with the petitioners for the purposes specified in the articles of association presented to the court.　It is claimed, however, that the fourth article of the charter, which provides that the officers shall be a president, vice-president, secretary and nine directors, implies that ten or more persons were associated and desired to be incorporated.　This does not necessarily follow. The three officers named might be chosen from the nine directors. The application and proceedings to obtain the charter were evidently informal and defective in not clearly showing that the requisite number were before the court, on their own petition or otherwise, asking to be incorporated under the act; but, we think this defect was cured by the Act of May 11th 1874, Pamph. L. 133.　The act is general, very comprehensive in its terms and is declared to be applicable to such corporations as were "actually operating under and transacting business in pursuance and by virtue of" charters, "defective in validity."　The language is certainly sufficient to include such charters as the one now under consideration.　The association was actually in operation, transacting business in pursuance of its charter, which contains provisions corresponding with those of the Act of 1859, and to be found nowhere else.

The proviso to the act declares that rights acquired previous to its enactment shall not be affected thereby.　If the defendant had any such rights they were thus protected, and there was nothing to prevent him from asserting them.　He continued to recognise the contract which he had previously made with the association of which he was all the while a member.　It was doubtless for the mutual benefit of all the members that any technical or other defect in the charter, under which they were transacting business, should be cured and thus any doubt as to their corporate power and authority removed; and if the defendant continued, after the passage of the curing act, to maintain his relations to the association, as a member thereof, enjoying, in common with other members, the benefits of the charter thus validated, he should be bound by its requirements.

This case differs from Rhoads v. The Hoernerstown Building and Savings Association, *supra.*　In that case it was manifest that the association was not incorporated, nor intended to be, under the Act of 1859.　An examination of the charter revealed the fact that many of its important provisions were inconsistent if not in direct conflict with that act.　Several of these inconsistences are pointed

[Workingmen's B. & L. Assoc. *v.* Coleman.]

out by our brother PAXSON in his opinion in that case. In addition to this the Act of 1874 was not brought to the notice of the court, for the reason perhaps that it was deemed inappliable, or, it may be because the suit was commenced in the court below before the date of its passage.

We are of opinion that the learned judge erred in holding that the plaintiffs were not entitled to exercise the rights and franchises conferred by the Act of 1859, and consequently could not recover more than the sum actually loaned, with legal interest thereon.

Judgment reversed, and a *venïre de novo* awarded.